UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN HOLSEN MILLER,            Case No. 1:24-cv-468

    Plaintiff,                                  Hopkins, J.
                                                   Bowman, M.J.

    v.

GEORGE HUDSON,

    Defendant.

**REPORT AND RECOMMENDATION**

By separate Order issued this date, Plaintiff John Holsen Miller has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The complaint itself is now before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, the undersigned recommends that the complaint be dismissed with prejudice, and the Plaintiff be formally warned that the filing of future repetitive lawsuits will result in him being classified as a vexatious litigator in this Court.

    **I. General Screening Authority**

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as factually and legally frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v.*

*Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. A complaint is factually frivolous when it contains "fanciful factual allegation[s]." *Neitzke*, 490 U.S. at 325. In other words, an action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

**II. Analysis**

Plaintiff's complaint contains nothing more than "unadorned, the-defendant-unlawfully-harmed me" allegations and therefore is subject to summary dismissal with prejudice. In concluding that the instant complaint is subject to summary dismissal under *Iqbal*, the undersigned takes judicial notice that this is the fifth lawsuit that Plaintiff has filed against George Hudson[1] in this Court since 1999, with three of those cases having been filed in the last six months. *See e.g.*, *Miller v. Pinacore, et al.*, No. 1:99-cv-981-SAS-JS (employment discrimination suit filed by Plaintiff against a former employer and five individuals including Hudson; individual defendants dismissed on August 1, 2000); *Miller v. Hudson*, No. 1:02-cv-789-SAS-JS (civil rights case dismissed on initial screening on

---

[1]Plaintiff's complaint in this case also includes a statement alleging that there are "9 – individuals that is False Witnesses I don't Remember they name." To the extent that Plaintiff intended to name John or Jane Doe Defendants, his complaint fails to state any cognizable claim for the same reasons that he fails to state any claim against Defendant Hudson.

October 29, 2002 for lack of subject matter jurisdiction); *Miller v. Hudson*, No. 1:24-cv-98-MRB-SKB (case dismissed with prejudice on initial screening on April 19, 2024 for failure to state a claim); *Miller v. Hudson*, No. 1: 24-cv-401-MRB-KLL (case dismissed with prejudice on initial screening on August 28, 2024 for failure to state a claim).

Like the past several complaints he has filed, Plaintiff's most recently filed complaint fails to state a claim upon which relief may be granted. On the whole, the complaint contains insufficient factual detail from which this Court can discern any conceivable or plausible legal claim against the individual defendant, George Hudson, or against any other potential defendant. The precise nature of the wrongs is difficult to decipher due to the virtually unintelligible nature of the allegations.[2] However, a review of the allegations set forth in Plaintiff's last two federal complaints confirms their similarity with Plaintiff's most recent complaint.

In the Report and Recommendation ("R&R") adopted as the opinion of the Court in *Miller v. Hudson*, No. 1:24-cv-98-MRB-SKB, the undersigned explained:

> On the whole, the complaint contains insufficient factual detail from which this Court can discern any conceivable or plausible legal claim against the individual defendant, George Hudson, or against any other potential defendant.… As best the undersigned can determine, Plaintiff seeks to recover for a multitude of perceived wrongs by numerous individuals over several decades.… Apart from issues concerning the timeliness of most claims, Plaintiff's complaint fails to explain in any coherent or discernible manner precisely how Defendant Hudson violated his civil rights or how that individual's actions amount to a violation of 42 U.S.C. § 1983. In addition to the lack of adequate factual content as it pertains to Defendant Hudson, it does not appear that Hudson is a state official who was operating "under color of state law" during the time period in question.

---

[2]The undersigned finds no need to set out the allegations in any detail, other than to acknowledge that they include disjointed references to an "attempted murder," the fact that Plaintiff has not seen his children for the past 15 years, and complaints about a termination from employment that occurred in January of 1998. (*See* Doc. 1-1 at PageID 6, 8).

4

*Id.* (Doc. 4 at PageID 31-32). The Court therefore concluded that the complaint was subject to summary dismissal as both factually and legally frivolous under *Iqbal*. In addition to adopting the R&R, the Court certified that any appeal of its decision would not be taken in good faith, denying Plaintiff leave to appeal in forma pauperis. *Id*. (Doc. 11). Plaintiff appealed, but the Sixth Circuit dismissed Plaintiff's appeal for want of prosecution after he failed to pay the filing fee.

After the dismissal of his appeal, on July 29, 2024, Plaintiff filed his fourth lawsuit against Defendant Hudson. *See Miller v. Hudson*, No. 1:24-cv-401-MRB-KLL. In that case, U.S. Magistrate Judge Litkovitz again noted that Plaintiff's complaint failed to state a claim upon which relief may be granted under *Iqbal*. The R&R described Plaintiff's complaint as "rambling, difficult to decipher, and virtually incomprehensible," and as lacking in any "factual content or context from which the Court may reasonably infer that the named defendant violated plaintiff's rights." *Id.* (Doc. 5, PageID 32). Based on the lack of factual detail and general incomprehensibility of the complaint, Judge Litkovitz further reasoned that Plaintiff had failed to identify any basis for the exercise of this Court's subject matter jurisdiction. *Id.* Notwithstanding jurisdictional infirmities that ordinarily require dismissal without prejudice, the Court agreed with Judge Litkovitz's recommendation that Plaintiff's complaint warranted dismissal with prejudice. *See generally, e.g., Ernst v. Rising*, 427 F.3d 351, 367 (6th Cir. 2005); *Revere v. Wilmington Finance,* 406 Fed. Appx. 936, 937 (6th Cir. 2011); *Jones v. United States*, 2021 WL 981298, at *3 (W.D. Tenn. March 16, 2021) (dismissing frivolous case with prejudice notwithstanding lack of subject matter jurisdiction).

Apparently in lieu of filing another appeal, Plaintiff initiated this above-captioned (fifth) lawsuit against Defendant Hudson. The same infirmities identified by this Court in Plaintiff's last two complaints fully apply to this latest complaint. The complaint is again rambling and virtually incomprehensible. And again, it is so lacking in any factual content that this Court cannot reasonably infer a basis for a cognizable federal claim against the identified Defendant. Based on the lack of factual detail and general incomprehensibility, the Court also cannot identify a basis for the exercise of its jurisdiction. Consistent with the last two R&Rs, dismissal with prejudice is appropriate.

But because this is the third case filed by Plaintiff against the same Defendant within a six month period and the fifth such case since 1999, the undersigned further recommends that the Court formally warn Plaintiff that any additional lawsuits concerning the same subject matter will be deemed to be vexatious. When a litigant fails to comprehend the basis for the prior dismissals and continues to file additional lawsuits subject to dismissal on the same grounds, a federal court may deem that litigant to be vexatious and impose an appropriate sanction. *See Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d 929, 938-940 (6th Cir. 2002) (affirming imposition of monetary sanctions and injunction that prohibited plaintiffs from filing any civil lawsuit in federal court that included similar claims without written permission); *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir.1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."); *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir.1987); *Stewart v. Fleet Financial*, 229 F.3d 1154, 2000 WL 1176881 (6th Cir. Aug. 10, 2000) (Table) (upholding sanctions against pro se litigant who had repeatedly attempted to collaterally attack foreclosure and eviction, and was using the

6

judicial system to harass and punish anyone who had anything to do with those actions). *See also, generally Matter of Chaban*, Case No. 2:17-cv-11139, 2017 WL 2544346 (E.D. Mich. June 13, 2017) (directing plaintiff to "show cause" under Bankruptcy Rule 8020 why the court should not sanction him for filing a fifth frivolous appeal of a bankruptcy court order).

In sum, Plaintiff should be forewarned that filing any future complaint based on the same subject matter may result in a finding that he is a vexatious litigant who should be made subject to prefiling restrictions.

### III. Conclusion and Recommendation

For the reasons stated, Plaintiff's allegations lack sufficient factual detail to state any plausible claim against the only named Defendant, George Hudson. Because the complaint fails to state a claim upon which relief may be granted and is repetitious of Plaintiff's prior complaints against the same Defendant, it should be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B).

Accordingly, **IT IS RECOMMENDED THAT:**

1. This case be **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted;

2. Plaintiff should be forewarned that filing any future complaint based on the same subject matter is likely to result in a finding that he is a vexatious litigant who should be made subject to prefiling restrictions;

3. The Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation

would not be taken in good faith and therefore should deny Plaintiff leave to appeal *in forma pauperis.*

        *s/Stephanie K. Bowman*
        Stephanie K. Bowman
        United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JOHN HOLSEN MILLER,                       Case No. 1:24-cv-468

    Plaintiff,                                   Hopkins, J.
                                              Bowman, M.J.

    v.

GEORGE HUDSON,

    Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

9